October 10, 1978.

M. P. No. 78-311, M. P. No. 78-289.  STATE *v.* STE-
PHEN J. WILSON. On August 15, 1977, the defendant was
arrested and charged with possession of marijuana with
intent to deliver. On August 17, 1977, a detainer was
received by the officials of the Adult Correctional Institution
from the State of New Jersey and requesting that authorities
in that state be notified of his release. Meanwhile, the defen-
dant had been remanded to the Adult Correctional Institu-
tion in default of $250,000 bail.

On July 7, 1978, defendant's bail on the Rhode Island
charge was reduced to $5,000. Defendant was in a position to
meet this bail but was held pursuant to the New Jersey
warrant or detainer. Thereafter, defendant filed a petition
for habeas corpus, and on July 25, 1978, he was released
from the parole violation detainer on personal recognizance.

The state filed a petition for certiorari, seeking review of
this order and requested a stay of defendant's release on
personal recognizance. On July 26, 1978, a justice of this
court issued a stay, ordered defendant's rearrest, and that he
be held without bail until further order of this court. On
July 28, 1978, the Superior Court, subject to our stay, again
issued an order purporting to release the defendant on per-
sonal recognizance and enjoining Rhode Island and New
Jersey authorities from removing defendant from this state
and certifying the constitutionality of the Uniform Out of
State Parolee Supervision Statute, G.L. 1956 (1969 Reenact-
ment) §13-9, to this court for determination. On August 17,
1978, the state filed a second petition for certiorari seeking
review of this order of July 28, 1978.

The petitions for certiorari are hereby granted. Pending
the transmission of the record and the filing of briefs, it is
ordered that Stephen J. Wilson be given a hearing by the
Superior Court in the County of Providence as soon as prac-

ticable on the issue of probable cause on the allegation of violation of his parole in the State of New Jersey.

It is further ordered that Stephen J. Wilson be held without bail pending the determination of probable cause and that thereafter, the judge who determines the issue of probable cause may release Stephen J. Wilson if he finds that probable cause has not been established, and may retain Stephen J. Wilson without bail in the event that probable cause is established or make other appropriate orders as to bail which he may consider proper under the circumstances. *Julius C. Michaelson*, Attorney General, *Nancy Marks Rahmes*, Special Assistant Attorney General, for plaintiff. *John D. Lynch*, for defendant.